## Pope v. Upton.

March 13, 1945.

W. R. Henry for appellant.

C. B. Upton for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

In his petition, which closed with an appropriate prayer, the plaintiff charged that he and the defendant constituted a partnership for the practice of law under the name of Pope and Upton, Attorneys; that the firm was employed to and did institute in the Whitley circuit court an action entitled William Howard Bradley, Adm'r of the estate of Judith Ann Bradley, Deceased, v. The Sanitary Grocery Company; that the case was later settled by compromise with the result that a fee of $1600 was paid to or retained by the defendant who now refused to account to him for his one-half.

For the last fifteen years the plaintiff and the defendant had maintained some sort of a partnership for the practice of their profession in Whitley county. The nature and extent of that partnership, which was originally evidenced by a written contract, both copies of which have been lost, is somewhat uncertain. The appellant's petition implies that it was a general partnership and that the members were to share equally in all fees, but his personal testimony upon the trial did not sustain that implication. His testimony was that he was not expected to practice in the courts inferior to the circuit court, and was not to share in any fees that derived from that source. His conception of the partnership, as expressed by him on the trial, was that they were partners in all cases in the Whitley circuit court in which both of them appeared upon the trial or in the pleadings. He also testified that as further evidencing their partnership they adopted the firm name of Pope and Upton, Attorneys, and placed the same upon the windows of their office and upon their stationery. The defendant conceded that the firm name of Pope and Upton was placed upon their office windows and upon their stationery as stated by the plaintiff, but he testified that by the terms of the contract they were to share the fees in those cases only in which they were both expressly employed; or in those instances of his individual employment in which he elected to share his employment with the plaintiff, which election was generally signified by his signing the firm name to the pleadings; or in those instances in which they both actually performed services.

With respect to the circumstances attending the filing of the suit mentioned in the plaintiff's petition and to the connection of the plaintiff and the defendant therewith, the defendant testified that he alone was employed in the case; that he qualified the administrator, prepared

and filed the petition, sought out and interviewed the witnesses, and effected the compromise settlement; that Pope never rendered any services in the case and never had any connection therewith. He said that it was true he signed the petition "Pope and Upton, Attorneys", but that this was inadvertent and unintentional on his part. The plaintiff admitted that he did not perform any services in the case and did not know that there was such a case until after the compromise settlement had been effected.

At the close of the evidence the court overruled the motion of each party for a peremptory instruction in his favor; declined to give either of the two instructions offered by the appellant or the one offered by the appellee, and instructed the jury on his own motion. Following the jury's verdict, which was in favor of the appellee, the appellant moved for a judgment in his favor, notwithstanding the verdict. This motion, as well as his one for a new trial, having been overruled, he complains here that each adverse ruling of the lower court was sufficiently erroneous and prejudicial to entitle him to a new trial.

It is obvious that the testimony presented an issue of fact which it was exclusively the province of the jury to determine. And this being so, it follows that the court did not err in overruling the plaintiff's motion for a peremptory instruction or in declining to give the instructions offered by the appellant, each of which was the equivalent of a peremptory instruction. It likewise follows that if the instruction given by the court on his own motion was not prejudicial, and if the verdict was not contrary to the evidence or the law, the court was correct in overruling the plaintiff's motion for a judgment notwithstanding the verdict. An examination of that instruction convinces us that it was more favorable to the plaintiff than he was entitled to, but it did indicate to them that they might find in favor of the defendant if they believed from the evidence that in signing the firm name of Pope and Upton to the petition, the defendant was not acting of his own volition or with intention to so sign the petition. By their verdict the jury found that the defendant did not intentionally sign the firm name of Pope and Upton, and the defendant's testimony supports that finding.

Judgment affirmed.